```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

EDNA HODGE,

              Plaintiff,

vs.                              Case No. 2:05-cv-235-FtM-29DNF

DOLGENCORP, INC.; VIRGINIA SILVESTRI,

              Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Remand (Doc. #12), filed on June 17, 2005. Defendants filed a Memorandum in Opposition (Doc. #14) on July 1, 2005.

As a preliminary matter, plaintiff asserts that the case was removed on the basis of diversity jurisdiction. The Notice of Removal (Doc. #1), however, indicates that the case was removed because of a federal question. Therefore, the Court will only address the issue of whether a federal question exists with regard to defendant Dolgencorp, Inc. d/b/a Dollar General Stores (Dollar General) and defendant Virginia Silvestri (Silvestri).

**I.**

The Complaint was originally filed in the Circuit Court of the Twentieth Judicial District Court, in and for Hendry County, Florida, on or about April 14, 2005. The Notice of Removal (Doc. #1) was filed on the same day and removed on May 18, 2005. The "Class and Collective Action Complaint for Violations of Fair Labor

Standards Act, and State Wage and Hour Laws: Claim for Damages" (Complaint)(Doc. #2) alleges that defendant Dollar General failed and refused to pay overtime to plaintiff, as Assistant Manager, under the Fair Labor Standards Act (FLSA). In Count II, plaintiff alleges that defendant Virginia Silvestri committed assault and battery against plaintiff. It is not clear how the claims are related, or whether Virginia Silverstri is a current or former employee of defendant Dollar General. As a result, the defendants will be addressed separately.

## II.

Count I alleges that plaintiff is not subject to any exemptions and defendant Dollar General failed to pay plaintiff for overtime hours worked. A state court action may be removed to a federal court if it is a "civil action . . . of which the district courts of the United States have original jurisdiction," unless Congress expressly provides otherwise. 28 U.S.C. § 1441(a); <u>Darden v. Ford Consumer Fin. Co., Inc.</u>, 200 F.3d 753, 755 (11th Cir. 2000). Plaintiff does not deny that the federal district court has jurisdiction over the Fair Labor Standards Act claim, only that "Hendry County Circuit Court *also* has jurisdiction." (Doc. #12, Ex. 1, p. 3)(emphasis added). Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." An action brought under the Fair Labor Standards

Act, once started in state court, is removable to federal court. Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003). The existence of concurrent jurisdiction does not preclude removal.

The existence of federal question jurisdiction is governed by the well pleaded complaint rule, which requires the federal question to be presented on the face of plaintiffs' properly pleaded complaint. Whitt v. Sherman Intern. Corp., 147 F.3d 1325, 1329 (11th Cir. 1998); Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc., 182 F.3d 851, 854 (11th Cir. 1999). Plaintiff's allegations against Dollar General are clearly brought under the Fair Labor Standards Act. Therefore, on the face of the complaint, plaintiff has clearly presented a federal question. The motion to remand will be denied, as the Court has subject-matter jurisdiction over Count I.

### III.

Count II alleges that defendant Silvestri committed an assault and battery against plaintiff. As plead, the claim is unrelated to the FLSA or defendant Dollar General, and there is no apparent basis to join it with Count I. As a result, the Court will examine Count II for an independent basis of jurisdiction. The Complaint alleges that plaintiff and defendant Silvestri are both "residents" of Hendry County, Florida. The Court will assume for purposes of the motion that both plaintiff and defendant are citizens of Florida. Under 28 U.S.C. § 1332, plaintiff and defendant must be citizens of different states. Since they are not, no diversity

jurisdiction exists.  Additionally, the claims of assault and battery arise under the laws of Florida and therefore do not present a federal question.  Thus, the Court finds that plaintiff can assert no independent basis for jurisdiction.

"The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim."  Lucero v. Trosch, 121 F.3d 591, 597 (11th Cir. 1997). Section 1367(a) grants a federal court power to entertain only such supplemental claims as form part of the same case or controversy standard under Article III of the Constitution.  Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1566 (11th Cir. 1994). This case does not present supplemental claims relating to Dollar General.  Count II relates to defendant Silvestri only, and asserts state claims unrelated to a claim under the FLSA.  Therefore, the Court finds no common nucleus of operative facts exist to justify maintaining jurisdiction and the Court declines to do so.  Count II will be remanded pursuant to 28 U.S.C. § 1441(c).

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion to Remand (Doc. #12) is **GRANTED IN PART AND DENIED IN PART**.  The Court shall maintain jurisdiction over Count I.  Count II is remanded to the Circuit Court of the Twentieth Judicial District Court, in and for Hendry County,

Florida, pursuant to 28 U.S.C. § 1441(c) and the Clerk shall transmit a certified copy of this Opinion and Order to the state court.

    2. Plaintiff's request for fees and costs, contained in the Memorandum of Law in Support (Doc. #12) is **DENIED.**

    3. Defendants' request for fees and costs, contained in the Memorandum in Opposition (Doc. #14) is **DENIED.**

    **DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of July, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record